UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP - 9 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

JOSEPH CRUSSIAH, )
)
    Plaintiff, )
) Civil Action No. 1:20-cv-02430 (UNA)
v. )
)
UNITED STATES OF AMERICA, )
)
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, application for leave to proceed *in forma pauperis*, ECF No. 2, and motion for preliminary injunction, ECF No. 3. The Court will grant the *in forma pauperis* application, deny the motion for preliminary injunction, and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Silver Spring, Maryland, has filed a rambling prolix complaint, which is incomprehensible, oscillating between unrelated areas of subject matter. He sues the United States of America, though the claims against it and relief sought are entirely unclear. He

also indicates his intention to, at some unknown time, join up to 200,000 other "co-plaintiffs," and sue more than 100 additional unnamed defendants. He alleges that "Defendant USA, along with local and state government and special interests operated as a Plutocracy; with the objective of a myriad of depraved sex crimes superseding unlawful conduct. Plaintiff is a victim of Defendant USA's depravity." The complaint lacks any discernible viable claims and plaintiff fails to establish any jurisdictional bases.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face and will consequently be dismissed.

The motion for preliminary injunction advances similarly incongruous allegations, which do not warrant injunctive relief. Plaintiff requests that the Court estop the United States from making "payments to any of the persons involved in the Ring, including: Amazon, Inova Health, Medstar Health, The State of Maryland, The District of Columbia, The State of Virginia."

"The standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp., LLC*, 502 F. Supp. 2d 70, 72–73 (D.D.C. 2007) (internal quotation marks and citation omitted).  Plaintiff abjectly fails to meet this standard, and the motion for preliminary injunction is therefore denied.

A separate order accompanies this memorandum opinion.


Date:   September 9, 2020

\_\_/s/_____
RUDOLPH CONTRERAS
United States District Judge